


JAN 2 4 2008

CHAMBERS OF
DENISE COTE

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KARL J. ASHANTI**
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

January 23, 2008

**MEMO ENDORSED**

**BY HAND DELIVERY**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/08

Re: Michael Coaxum v. City of New York, et al.
    07 CV 11506 (DLC)(MHD)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Thursday, January 24, 2008 until Monday, March 24, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

       In the complaint, plaintiff alleges, *inter alia*, that on October 6, 2006, he was subjected to excessive force and denied equal protection, substantive due process and First Amendment rights by members of the New York City Police Department.

       There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. This office will also be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including even our own police records, are sealed. Defendant cannot obtain these records without the designation and medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, defendant City of New York appears to have been served with process. However, upon information and belief, defendants Sugrim and LiCalzi have not yet been served. The extension should allow time for plaintiff to serve defendants Sugrim and LiCalzi with process, for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent these individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to March 24, 2008.

Thank you for your consideration of this request.

Granted.
Denise Cote
January 24, 2008

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc:   Brett H. Klein, Esq. (by facsimile)

2

ECF NOTICE TO BE SENT TO:

Brett Harris Klein

COPIES MAILED TO:

Karl J. Ashanti
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007