UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL COAXUM,

                              Plaintiff,

           -against-

CITY OF NEW YORK, ANIL SUGRIM, JOSEPH
LICALZI, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 11506 (DLC)(MHD)

ECF Case

<u>Jury Trial Demanded</u>

        Defendants City of New York, Anil Sugrim and Joseph Licalzi, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.    Deny the allegations set forth in paragraph "7" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

8.    Deny the allegations set forth in paragraph "8" of the Complaint except admit that the City of New York maintains a police department.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that Anil Sugrim and Joseph Licalzi are employed by the City of New York as police officers.

10.    Paragraph "10" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11.    Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12.    Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint except admit that plaintiff was transported to Jacobi Medical Center.

15.    Deny the allegations set forth in paragraph "15" of the Complaint except admit that plaintiff was transported to Jacobi Medical Center.

16.    Deny the allegations set forth in paragraph "16" of the Complaint.

17.     In response to the allegations set forth in paragraph "17" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the Complaint except admit that plaintiff was arrested on October 7, 2006.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

4

46.    Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint, and its subparts.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

53.    Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff's purported claim was not adjusted or paid.

54.    Deny the allegations set forth in paragraph "54" of the Complaint except admit that a complaint was filed on December 21, 2007.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.    Paragraph "56" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.    In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

58.    Deny the allegations set forth in paragraph "58" of the Complaint.

59.    Deny the allegations set forth in paragraph "59" of the Complaint.

60.    In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

61.    Deny the allegations set forth in paragraph "61" of the Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Complaint.

63.    In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    Paragraph "65" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, defendants deny the allegations set forth in paragraph "65" of the Complaint.

66.    Paragraph "66" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.    Deny the allegations set forth in paragraph "67" of the Complaint.

68.    Deny the allegations set forth in paragraph "68" of the Complaint.

69.    In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

70.    Deny the allegations set forth in paragraph "70" of the Complaint.

71.    Deny the allegations set forth in paragraph "71" of the Complaint.

72.     In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     In response to the allegations set forth in paragraph "74" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that plaintiff was arrested on October 7, 2006 and arraigned thereafter.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     In response to the allegations set forth in paragraph "79" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

82.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

83.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

84.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

85.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

86.    Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

87.    At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

88.    There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89.    Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

90.    The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

92.    To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

93.    The Court lacks personal jurisdiction over the individual defendants.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 18, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendants
                        100 Church Street
                        New York, New York 10008
                        (212) 788-0971

                        By:

                            Karl J. Ashanti (KA 4547)
                            Assistant Corporation Counsel
                            Special Federal Litigation Division

9

To:    Brett H. Klein, Esq. (By ECF and Mail)
       Leventhal & Klein, LLP
       Attorneys for plaintiff
       45 Main Street, Suite 230
       Brooklyn, New York 11201
       (718) 722-4100

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury, that on **March 18, 2008**, I served the annexed **Answer** by ECF and by depositing a copy

of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office

official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York, upon the following:

    Brett H. Klein, Esq.
    Leventhal & Klein, LLP
    45 Main Street, Suite 230
    Brooklyn, New York 11201

Dated: New York, New York
       March 18, 2008

                                            Karl J. Ashanti
                                            Assistant Corporation Counsel

Index No.  07 CV 11506 (DLC)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL COAXUM,

Plaintiff,

-against-

CITY OF NEW YORK, ANIL SUGRIM, JOSEPH
LICALZI, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Karl J. Ashanti*
*Tel:  (212) 227-0414*
*NYCLIS No. 2008-000285*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................ , 200......*

*................................................................................ Esq.*

*Attorney for ...................................................................*